UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES I. WYNN, SR.,

                                  Plaintiff,

                 v.

JUDGE PAUL R. WARREN, et al.,

                                  Defendants.

                                DECISION AND ORDER

                                22-CV-6362L

_____

Plaintiff James I. Wynn, Sr. ("Wynn"), appearing *pro se*, brought this action by filing a complaint on August 26, 2022. Wynn paid the requisite filing fee. (Dkt. #1.)

The complaint names twelve defendants, and asserts claims arising out of events surrounding certain foreclosure actions in New York State court, and a proceeding in the United States Bankruptcy Court for this district, dating back to 2009. The details of those actions need not be spelled out in detail here, but the gist of plaintiff's allegations is that defendants, who include various individuals and entities that were connected in some way with those court proceedings, conspired to deprive plaintiff of his rights and to defraud him out of properties that he owned in Rochester, New York.

For the following reasons, Wynn's claims against three of the defendants–United States Bankruptcy Judge Paul R. Warren, and Monroe County Supreme Court Justices Thomas E. Moran and Sam L. Valleriani (collectively "judicial defendants")–are dismissed by this Court, *sua sponte*. The claims against those defendants lack any colorable basis, as explained below.

## DISCUSSION

"District courts have inherent authority to 'dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.'" *Bryan v. Fleetbank N.A.*, No. 21-2143, 2022 WL 6832280, at *1 (2d Cir. Oct. 12, 2022) (quoting *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). "An action is frivolous if it lacks an arguable basis in law or fact–that is, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [that] are clearly baseless.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). An action is also deemed frivolous as a matter of law when "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In the case at bar, it is clear that plaintiff's claims against the judicial defendants lack any arguable basis and must be dismissed, primarily on the ground of absolute judicial immunity. Under that well-established doctrine, "judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity will not apply in only two narrow circumstances: (1) where the challenged actions were not taken in the judge's "judicial capacity," and (2) where the judge acted "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted).

Although the complaint is long on diatribe and broadly-worded accusations but short on specifics, it is also clear from the complaint that plaintiff's claims against these three defendants arise out of acts that they performed in their judicial capacities. In particular, Justice Moran entered an Order of Reference and Default Judgment in favor of the plaintiff in a foreclosure

action against Wynn, *Cheswold (TL), LLC v. Wynn et al.*, No. E2020002206, and Justice Valleriani entered an Order Confirming the Judgment of Foreclosure and Sale in that same action.  See Dkt. #29-12, 29-13.[1]

As the presiding judge in Wynn's bankruptcy proceedings, Judge Warren issued numerous orders, some of which were not to Wynn's liking.  Wynn appealed from many of Judge Warren's decisions and orders, both to this Court and to the Court of Appeals for the Second Circuit.  The Bankruptcy Court's orders were consistently affirmed, and Wynn's appeals were dismissed for lack of merit.  *See*, *e.g.*, Bankr. Case No. 2-13-20304, Dkt. #139, #148, #154, #206, #222, #396, #436, #445.

Plainly, then, the judicial defendants were acting in their judicial capacities at all relevant times, in matters over which they had jurisdiction.  Although Wynn asserts that Justices Moran and Valleriani took certain actions "knowing that neither one of them have jurisdiction over the matter," Complaint ¶ 22, his own factual allegations and the relevant state court documents show otherwise, and the Court need not accept plaintiff's conclusory allegation to the contrary.  *See Cadet v. Alliance Nursing Staffing of N.Y., Inc.*, __ F.Supp.3d __, 2022 WL 4584246, at *8 (S.D.N.Y. 2022) ("Even in the *pro se* context, the Court is not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions'") (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

---

[1] The Court takes judicial notice of the orders, copies of which have been submitted as exhibits in connection with a pending motion to dismiss by one of the other defendants.  *See Pac. Life Ins. Co. v. US Bank Nat'l Ass'n*, __ F.Supp.3d __, 2022 WL 11305628, at *10 (S.D.N.Y. 2022) ("[t]he court may ... take judicial notice of matters of public record, such as pleadings and court orders from prior litigation between the parties") (internal quote omitted).

Plaintiff also alleges that these judges' adverse rulings (or at least rulings that for one reason or another Wynn was not happy with) were motivated by animus toward plaintiff, primarily because Wynn is black. He alleges that all the defendants, judges included, "put an illegal plan together" in order "to destroy" him. Complaint ¶¶ 13, 24. Those allegations do not state a facially valid claim against the judicial defendants. First, as explained above, regardless of their state of mind, the judicial defendants were acting as judges in matters within the jurisdiction of their respective courts. Second, Wynn alleges not a single fact to support these conclusory allegations. It is apparent from his allegations that plaintiff simply assumes, without foundation, that because his court proceedings did not turn out as he wished, racial animus or some other ill intent must have been the reason. As stated, the Court need not accept that purely conclusory allegation. Wynn has not even alleged facts showing error by the judicial defendants, much less any circumstances suggestive of animus or that might otherwise provide a basis for an exception to judicial immunity.

Ordinarily, a court will not dismiss a *pro se* complaint without giving the plaintiff a chance to amend. Here, however, the Court declines to give plaintiff an opportunity to amend as to the judicial defendants, since it does not appear he could state a valid claim against them. *See Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) ("Ordinarily, the district court should not dismiss a *pro se* plaintiff's complaint without granting leave to amend when a liberal reading of the complaint gives any indication that a valid claim might be stated. But, here, amendment would be futile, as there is no indication that Hariprasad might plead a valid claim").

## CONCLUSION

The complaint in this action is dismissed as against Judge Paul R. Warren, Judge Thomas E. Moran, and Judge Sam L. Valleriani, with prejudice, as being frivolous and barred by absolute judicial immunity.  Although plaintiff paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).  The Clerk of the Court is directed to terminate Judges Warren, Moran and Valleriani as parties to this action.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 13, 2022.